# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

WILBERT LEZELL JOHNSON,                                                                              PLAINTIFF
ADC # 84494

v.                                          1:14CV00107-JM-JJV

JAMES RUSSELL                                                                                         DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. INTRODUCTION

Wilbert Lezell Johnson ("Plaintiff") brought this action alleging numerous violations of his constitutional rights. (Doc. No. 2 at 6-10.) On September 24, 2014, all Defendants - save James Russell - were dismissed without prejudice. (Doc. No. 9.) Plaintiff was permitted to proceed with his excessive force claim against Defendant Russell. (*Id*.)

Pending is Defendant Russell's Motion for Summary Judgment. (Doc. No. 59.) Plaintiff has responded (Doc. No. 64) and the matter is ripe for disposition.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825

(8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

The question before me is whether Plaintiff administratively exhausted his excessive force claim before filing his lawsuit. Defendant Russell alleges that Plaintiff did not. (Doc. No. 60 at 3.) Plaintiff generally denies this allegation. (Doc. No. 64.)

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

Plaintiff's excessive force claim is governed by Administrative Directive 14-16. (Doc. No. 60-1.) The directive requires an inmate who believes he has been wronged to file an informal

3

resolution. (*Id*. at 5-6.) If the inmate is unsatisfied with the outcome of the informal resolution, he may proceed to the formal grievance procedure which entitles him to a response, first from the unit Warden, and then, if desired, from the ADC Deputy Director. (*Id*. at 8-12.) Inmates must be specific as to their issues and any personnel involved when writing their grievances. (*Id*. at 5.)

Defendant Russell contends that Plaintiff failed to bring an excessive force claim against him in any exhausted grievance. In support, he provides the affidavit of grievance supervisor Barbara Williams. (Doc. No. 60-2.) Ms. Williams states that her review of Plaintiff's file confirms that no excessive force grievance was ever filed against Defendant Russell. (*Id*. ¶ 2-4.)

For his part, Plaintiff has responded with only a general denial to this evidence. (Doc. No. 64.) In doing so, he has failed to rebut Defendant's Russell's contention with evidence or substantive argument in support of his position. Such denials are insufficient at the summary judgment stage. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) ("When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.") (quoting *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 569, 11 S.W.3d 531 (2000) (internal quotations omitted)).

Without more, I find that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. If Plaintiff has any evidence that his excessive force claim against Defendant Russell was in fact exhausted, he should include it with his objections to this recommendation.

IV.   **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1.   Defendant James Russell's Motion for Summary Judgment (Doc. No. 59) be GRANTED.

2. Plaintiff's excessive force claims against Defendant James Russell be DISMISSED without prejudice for failure to exhaust.

3. Any other pending motions be DENIED as moot.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 11th day of August, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE